IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FUNDS SEIZED FROM SYNOVUS BANK, ACCOUNT NO. 000-170-375-9, IN THE AMOUNT OF FIVE HUNDRED SEVEN THOUSAND, FIVE HUNDRED FIFTY-SIX AND 23/100 DOLLARS ($507,556.23), HELD IN THE NAME OF PRECISION MOVERS, INC.;<br><br>    Defendant Property. | CASE NO.: |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

*Nature of the Action*

1.    This is a civil action *in rem* brought pursuant to Title 18, United States Code, Section 981(a)(1)(C) to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: five hundred seven thousand, five hundred fifty-six, and 23/100 dollars ($507,556.23) in United States funds (hereinafter referred to as the "Defendant Property").

*The Defendant in Rem*

2.  The Defendant Property consists of United States funds in the amount of five hundred seven thousand, five hundred fifty-six and 23/100 dollars ($507,556.23), seized from Synovus Bank, Account No. 000-170-375-9, held in the name of Precision Movers, Inc., Post Office Box 210, Sycamore, Georgia 31790.

*Jurisdiction and Venue*

3.  Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.  This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District. Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.  Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action accrued in this District.

*Basis For Forfeiture*

6. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or was derived from proceeds traceable to a violation of Title 18, United States Code, Section 1344 (Bank Fraud).

*Statutory and Regulatory Framework*

7. Pursuant to Title 18, United States Code, Section 1344, it is unlawful to knowingly execute, or attempt to execute, a scheme or artifice to (1) defraud a financial institution; or (2) obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

8. Title 18, United States Code, Section 981(a)(1)(C) provides for the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense, or a conspiracy to commit such an offense, including violations of Title 18, United States Code, Section 1344 (Bank Fraud).

*Factual Allegations*

9. The United States Small Business Administration (SBA) is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

10. As part of this effort, the SBA enabled and provided loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

11. The Coronavirus Aid, Relief, and Economic Security (CARES) Act is a federal law enacted in or about March 2020 and was designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

12. One source of relief the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities through a program referred to as the Paycheck Protection Program (PPP). In April 2020, Congress authorized up to $310 billion in additional PPP funding.

13. The PPP allowed qualifying small businesses and other organizations to receive PPP loans. Businesses must use PPP loan proceeds for payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds for payroll expenses.

14. To be eligible for a PPP loan, the applicant-business had to be in operation on February 15, 2020. Businesses not in operation prior to this date were not eligible to obtain PPP loans.

15. The amount of a PPP loan that a small business may have been entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

16. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its (a) average monthly payroll expenses and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

17. Specifically, the applicant had to certify the following:

> The funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments, as specified under the Paycheck Protection Program Rule; I understand that if the funds are knowingly used for unauthorized purposes, the federal government may hold me legally liable, such as for charges of fraud.

The SBA oversaw the PPP; however, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation directly or through third-party processors, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

18. The Internal Revenue Service ("IRS") investigated suspected fraud committed by Anthony Boncimino ("Boncimino"), a resident of Sycamore, Turner County, Georgia, who was the Chief Executive and Chief Financial Officer of Precision Movers, Inc., (PMI). Boncimino had applied for and received two (2) PPP loans in the name of PMI.

19. On February 15, 2020, PMI existed on paper, but the investigation revealed that PMI did not employ forty-four (44) employees, nor did PMI have a monthly payroll of $266,793.00, as represented by Boncimino.

20. Synovus Bank is a Federal Deposit Insurance Corporation (FDIC) insured financial institution based in Columbus, Georgia, was an SBA-approved lender, and participated as a PPP lender. Synovus Bank made two (2) PPP loans to PMI.

21. The investigation further revealed that Boncimino submitted false and fraudulent PPP loan applications to federally insured financial institutions and to the SBA, including but not limited to Synovus Bank.

22. On July 8, 2021, a Superseding Indictment was returned by a Federal Grand Jury in the Middle District of Georgia, Criminal Case Number 1:21-CR-17 (WLS), Doc. 10, charging Boncimino with Bank Fraud, Money Laundering, and False Statements. The Superseding Indictment included a generic Forfeiture Notice, which notified Defendant Boncimino that upon conviction of the offense(s), he would be required to forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(l), any property, real or personal, involved in such offense, and any property traceable to such property; and/or any property constituting, or derived from, proceeds obtained directly or

indirectly, as a result of such violation(s), pursuant to Title 18, United States Code, Section 982(a)(2), including, but not limited to, a money judgment in an amount to be determined.

23. On October 18, 2021, IRS agents executed a seizure warrant, issued by United States Magistrate Judge Stephen Hyles, for all funds contained within Synovus Bank, Account No. 000-170-375-9, held in the name of Precision Movers, Inc., Post Office Box 210, Sycamore, Georgia 31790, in the approximate amount of $507,556.23.

24. On October 29, 2021, the government filed a Notice of Bill of Particulars for Forfeiture of Property specifically naming the Defendant Property ($507,556.23) as subject to forfeiture [MDGA Criminal Case Number, 1:21-CR-17 (WLS), Doc. 31].

25. On November 8, 2021, Defendant Boncimino pled guilty to Count Five of the Superseding Indictment charging him with Money Laundering, in violation of Title 18, United States Code, Section 1957 [MDGA Criminal Case Number 1:21-CR-17 (WLS), Docs. 33-34].

26. As part of the Plea Agreement, Defendant Boncimino and the United States stipulated to the following:

a. On April 27, 2020, Boncimino submitted an SBA PPP loan application form for PMI and entered BIN: 75-307****. Boncimino listed a business address as 1630 Industrial Drive, Sycamore, Georgia 31790. Boncimino stated the monthly payroll for PMI was $266,793.00 for forty-four (44) employees and requested $716,255.37 in PPP funds. Boncimino provided the email address of tony@precision*** and a business phone number of (404) 99*-****. Boncimino stated the purpose of the loan was for payroll, lease/mortgage, and utilities. Boncimino listed himself as being 50% owner, and stated

7

his Taxpayer Identification Number ("TIN") was 319-**-****. This loan was funded by Synovus Bank.

b. On April 29, 2020, Boncimino received SBA guaranteed PPP loan proceeds from Synovus Bank in the amount of $666,983.37. These funds were deposited into Boncimino's PMI business account at Synovus Bank.

c. From the initial deposit of SBA-PPP funds through August 2020, Boncimino transferred approximately $310,661.82 to other business entities he owns and paid approximately $273,488.60 to the Georgia Department(s) of Labor and Revenue, for federal tax payments and other expenses. Boncimino used approximately $584,150.42 (87%) of the PPP loan funds for unallowable purposes.

d. On February 5, 2021, Boncimino submitted an identical second PPP loan application for PMI to Synovus Bank. He made false statements identical to the ones he made in April of the previous year. In particular, he falsely claimed that PMI had forty-four (44) employees and a monthly payroll of $266,793. On February 8, 2021, Synovus Bank funded a second SBA-insured PPP loan in the amount of $666,983.37 to Boncimino and James Boncimino for PMI. [MDGA Criminal Case Number 1:21-CR-17 (WLS), Docs. 33-34].

27. The total sum of the funds seized from Synovus Bank, which is subject to this civil judicial forfeiture action, is five hundred seven thousand, five hundred fifty-six, and 23/100 dollars ($507,556.23).

*Conclusion*

28.     Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes or was derived from proceeds traceable to a violation of Title 18, United States Code, Section 1344 (Bank Fraud), and is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 23rd day of November, 2021.

        PETER D. LEARY
        UNITED STATES ATTORNEY

By:     */s/ Jim Crane*
        JIM CRANE
        ASSISTANT UNITED STATES ATTORNEY
        GEORGIA STATE BAR NO. 193275
        UNITED STATES ATTORNEY'S OFFICE
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (229) 430-7754
        Facsimile: (229) 430-7766
        Jim.Crane@usdoj.gov